IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| MARCUIECE LAMAR JOHNSON | |
| Plaintiff, | |
| v. | No. 4:25-cv-00258-JJV |
| FAULKNER COUNTY DETENTION CENTER UNIT 1, *et al.* | |
| Defendants. | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Marcuiece LaMar Johnson, who is a pretrial detainee in Unit 1 of the Faulkner County Detention Center ("FCDC"), has filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff's remaining claims are that Defendants Captain Watkins, Lieutenant Harrison, and Sergeant Ussery violated his: (1) due process rights by forcing him to sleep on unsanitary mattresses on the floor in overcrowded cells; and (2) equal protection rights by subjecting him to those conditions, while not doing so to other pretrial detainees in Unit 1.  (Doc. 6.)  All other claims and defendants have been previously dismissed.  (Doc. 9.)  And the parties have consented to proceed before me.  (Doc. 18.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to dismissal because Plaintiff did not properly exhaust his available administrative remedies. (Docs. 19-21.)  Plaintiff has not responded.  For the following reasons, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED without prejudice.

**II.   SUMMARY JUDGEMENT STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to

1

the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial. *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

### III. DISCUSSION

#### A. Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides, in part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. at 219; *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to fully and properly exhaust their administrative remedies as to each claim in the complaint. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v.*

*Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.* The only exception is if administrative remedies are unavailable. 42 U.S.C. § 1997e(a) (prisoners are only required to exhaust "available" administrative remedies). Administrative remedies are "unavailable" if, for instance: (1) the grievance procedure "operates as a simple dead end;" (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

    **B.**    **FCDC's Grievance Procedure**

The FCDC's grievance procedure is a three-step process that is contained in the Inmate Handbook on the jail's kiosk. (Doc. 21-1.) First, a detainee must attempt to verbally resolve the matter with the unit officer. (Doc. 21-5 at 1-2.) Second, if that does not resolve the matter, a detainee must file an electronic grievance on the kiosk available in each cell or a written grievance if the kiosk is not available. The grievance must be "completed in detail stating exactly the complaint" and explain "what corrective action" is sought. (*Id*. at 1.) Third, if the detainee is dissatisfied with the grievance officer's response, he or she must appeal to the jail lieutenant. And the lieutenant's decision ends the process.

    **C.**    **Evidence**

Defendant Watkins, who is the Jail Administrator, says in his sworn affidavit that between Plaintiff's December 4, 2024, arrival at the FCDC until he filed his Amended Complaint on April

29, 2025, Plaintiff did not file any grievances mentioning the claims raised in this lawsuit. (Doc. 21-1.) And my review of the numerous grievances in the record confirms this to be correct. (Doc. 21-3.) Plaintiff has not produced any contrary evidence or demonstrated administrative remedies were unavailable for him to do so. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact"). Accordingly, I find Defendants are entitled to summary judgment. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Muhammad v. Mayfield*, 933 F.3d 993, 1003 (8th Cir. 2019) (improper exhaustion when the issue raised during the prisoner's grievance was a "decidedly different issue" than the one raised in his federal lawsuit); *Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014) (a prisoner's grievance must have raised "the distinct §1983 claims" brought in a lawsuit).

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 89 ("Exhaustion gives an agency an

opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' Motion for Summary Judgment (Doc. 19) is GRANTED.

2. Plaintiff's claims against Defendants Watkins, Harrison, and Ussery are DISMISSED without prejudice.

3. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order would not be taken in good faith.

Dated this 29th day of September 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE